KNOLL, J.,
dissents.
| ,The court of appeal, acting in its error correcting function, recognized the trial court failed to correctly perform a balancing test in determining whether the bleachers’ defect or design presented an unreasonable risk of harm. I agree with the court of appeal that the trial court clearly erred in failing to apply a risk-utility balancing test, thus the trial court *599 erred as a matter of law. Under these circumstances, the court of appeal was not confined to the manifest error doctrine and I agree with its reversal of the trial court. While we can arguably disagree as to the apportionment of fault, in re viewing the court of appeal opinion I do not find it manifestly erroneous and would affirm.
No one disputed the 18 inch gap in the bleachers posed a dangerous situation. Even defendant’s expert, Mr. Robert Bar-ras, admitted the design posed a danger; he just did not find the design unreasonably dangerous when used as bleachers and not steps. I find Mr. Barras’s opinion flawed because the bleachers were used both as seats and steps. The trial court recognized the bleachers were “defective,” but found the defect was not unreasonably harmful because there was “a safe and accessible location for persons with disabilities on the west side of the football field.” The trial court made this finding notwithstanding there were no signs upon entering the stadium or on the visitor’s side notifying patrons of |2disability seating on the west side. Mrs. Pryor was not familiar with this stadium, as it was her first time there. I find this fact weighs heavily against the defendant.
In my view the facts of this case present a classical situation of comparative fault. Because the defect was open and obvious, and Mrs. Pryor clearly was aware of it and her limited ability to climb or descend the 18 inch gap, these are contributing factors of her fault. I am impressed with the fact that notwithstanding her daughter’s assistance in descending the 18 inch gap, she fell. While this open and obvious defect is not necessarily dangerous for able-bodied folks, it certainly presents an unreasonable risk of harm to the disabled. The record is void of any evidence that supports the social utility of the defect.
For these reasons I respectfully dissent and would affirm the court of appeal.